West v. City of Columbus.

## J. P. WEST v. THE CITY OF COLUMBUS.

1. ILLEGAL SALE OF INTOXICATING LIQUORS; *Description of Place of Sale.* An allegation in a complaint for selling liquor in violation of a city ordinance, that the offense was committed in a certain one-story frame building, within the city limits, known as West's drug-store, is sufficient as a description of the place of the offense.

2. ————— *Complaint for Violating City Ordinance; Sufficiency.* A complaint in a police court of a city for violation of one of the city ordinances, is sufficient, although no part of the ordinance is copied into it, and no express reference is made thereto by date, number, or otherwise, providing the acts or conduct of the defendant in violation of the ordinance are fully and clearly charged.

3. CITIES; *Corporate Name.* The act of 1871, for the organization of cities of the third class, changed all incorporated towns, having not more than two thousand inhabitants, into cities of the third class; and thereupon the original corporate name of each such town was changed with the change effected in its organization; and thereafter its corporate name and style should be, and is, "The City of ————," (mentioning the proper name.)

### *Error from Cherokee District Court.*

AT the October Term 1876 of the district court, *West* was convicted of the offense of having sold intoxicating liquors, at the city of Columbus, in violation of the ordinance of said city, on the 5th of August 1876. *West* was a druggist, and

41—20 KAS.

kept a drug-store in Columbus. The complaint charged, among other matters, that the alleged sale was "contrary to and in violation of Ordinance No. 36, of the ordinances of the city of Columbus." *West* was sentenced to pay a fine of $50, and costs of suit; and he now brings the record here on error for review.

*John N. Ritter,* and *Cowley & Bennett,* for plaintiff in error.
*J. H. Spear,* for the city.

The opinion of the court was delivered by

BREWER, J.: This was a criminal prosecution in the police court of the city of Columbus against West, for a violation of a city ordinance in the sale of liquor. Defendant was convicted in that court, and appealed therefrom to the district court, in which, upon trial, he was again convicted. This conviction he seeks to review in this court by petition in error, and not by appeal. But it has already been decided that appeal, and not error, is the proper remedy. *Neitzel v. City of Concordia,* 14 Kas. 446. Notwithstanding, we have examined the record, and see in it no substantial error. The objections are mainly technical, and not involving the question of defendant's guilt or innocence.

I. It is objected that the place of the offense is not sufficiently described in the complaint. It was described as, a "certain one-story frame building, known as 'West's drug-store,'" and as being within the corporate limits of the city of Columbus. This was sufficient. If the testimony showed that there was such a building within the city, and thus known, the identification would be complete. A specification of the lot and block upon which the building was situated, would under those circumstances be unnecessary.

II. Again it is objected, that the ordinance under which the prosecution was had was not set forth in full, or in part, in the complaint, but only referred to by its number. The prosecution was in the court of the city. The wrongful acts of the defendant were alleged with sufficient fullness and

precision, and the ordinance, of which those acts were charged to be a violation, was referred to by its number. Whatever may be the rule where proceedings are had in courts other than those of the municipality itself, we think that a complaint in the police court of a city for a violation of one of the ordinance of the city is sufficient, although no part of the ordinance is copied into it, and no express reference is made thereto by date, number, or otherwise, providing the acts or conduct of the defendant in violation of the ordinance are fully and clearly charged. There is no more need of express reference to the ordinance, in such a complaint, than there is in an information for a felony, in the district court, to the particular section of the statute under which the information is filed. The only question is, Do the acts charged constitute a violation? The police court takes judicial notice of the ordinances, as the district court of the statute; and the defendant in each case is bound to know the law. In the act for the organization of cities of the third class—in which class the city of Columbus belongs—(Laws 1871, page 137, §72,) the legislature has said that the complaint in such prosecutions, "when made by the marshal, assistant marshal, or regular policeman, need not be in writing, if the defendant be present in court and in custody." The code of criminal procedure, §111, (Gen. Stat. 838,) provides, that "neither presumptions of law, nor matters of which judicial notice is taken, need be stated in an indictment, or information." And as said by Judge Dillon, in his work on Municipal Corporations, vol. 1, §346, "The liberal rules of pleading and practice which characterize modern judicial proceedings should extend to, and doubtless would be held to embrace suits and prosecutions to enforce the by-laws or ordinances of municipal corporations."

III. Again, objection is made that there is a misnomer in the name of the city, and that therefore the ordinance was void, and the prosecution without authority. This municipality was originally organized as a town under ch. 108 of the General Statutes. That act provided, sec. 1, that a mu-

nicipality organized under it should be known "by the name and style of 'The inhabitants of the town of ———,' (naming it.)" And this municipality was therefore called and known as "The Inhabitants of the Town of Columbus." The law of 1871, for the organization of cities of the third class, changed all towns having not more than two thousand inhabitants into cities of the third class, and also provided, in section 12, that "the corporate name of each city governed by this act shall be 'The City of ———.'" Now counsel insists, that the legal title of this municipality is, "The City of The Inhabitants of the Town of Columbus;" and as the ordinance was enacted by the city of Columbus, and the prosecution in its name, both must fail. We cannot assent to this claim. A part of the name is simply descriptive of the kind of municipal organization. And a change of the organization carries with it a change of these mere words of description. And while the language of the legislature may not be the most felicitous, yet the intention is clear.

We think the ordinance not obnoxious to the criticisms placed upon it by counsel, and that it must be held to be valid.

The judgment of the district court will be affirmed.

All the Justices concurring.