Foley v. State.

BART FOLEY V. STATE OF NEBRASKA.

FILED OCTOBER 16, 1894.   No. 6463.

1. **Judicial Notice of Municipal Ordinances:** EVIDENCE. Courts will not, as a rule, take notice of municipal ordinances, unless required to do so by special charter or general law.

2. **Municipal Courts:** JUDICIAL NOTICE OF CITY ORDINANCES. But to that rule an exception is recognized in favor of the courts of municipal corporations, which will take notice of their own ordinances, since they stand in the same relation to the municipal laws as do courts of general jurisdiction toward the general laws of the state.

3. **Appeal from Judgment of Conviction for Violation of City Ordinance:** TRIAL DE NOVO. On appeal from a judgment of conviction before a police judge for the violation of a city ordinance the district court will, upon a trial *de novo*, take notice of whatever facts the former could have noticed judicially before the removal of the cause.

4. ———: ———: PRACTICE. The strict rule of the common law in that respect *held* not applicable to our more liberal practice.

ERROR to the district court for Douglas county. Tried below before KEYSOR, J.

The opinion contains a statement of the case.

*Silas Cobb*, for plaintiff in error:

The complaint was insufficient. It failed to set out the ordinance under which the accused was prosecuted. (*Oshe*

*v. State*, 37 O. St., 494; *Miller v. State*, 3 O. St., 475; *Kern v. State*, 7 O. St., 411; 1 Dillon, Municipal Corporations [3d ed.], secs. 413, 414, 442; *City of Memphis v. O' Connor*, 53 Mo., 468; *Mooney v. Bennett*, 19 Mo., 552; *Keeler v. Milledge*, 4 Zab. [N. J.], 142; *People v. Mayor of City of New York*, 7 How. Pr. [N. Y.], 81; *Harker v. Mayor of City of New York*, 17 Wend. [N. Y.], 199; *Whitson v. City of Franklin*, 34 Ind., 392; *Commonwealth v. Bean*, 14 Gray [Mass.], 52, 11 Cush. [Mass.], 414; *Commonwealth v. Stout*, 7 B. Mon. [Ky.], 247.)

The district court should not have taken judicial notice of the ordinance. (*Culbertson v. City of Galena*, 2 Gil. [Ill.], 129; *Stevens v. City of Chicago*, 48 Ill., 498; *People v. Buchanan*, 1 Idaho, 681; *City of Austin v. Walton*, 68 Tex., 507; *Wilson v. State*, 16 Tex. App., 497; *City of Winona v. Burke*, 23 Minn., 254; *City of New Orleans v. Labatt*, 33 La. Ann., 107; *Lucker v. Commonwealth*, 4 Bush [Ky.], 440; *Case v. City of Mobile*, 30 Ala., 538; *Garvin v. Wells*, 8 Ia., 286; *Goodrich v. Brown*, 30 Ia., 291; *Chicago & A. R. Co. v. Engle*, 76 Ill., 317; *Moor v. Newfield*, 4 Greenl. [Me.], 44; *Lumbard v. Aldrich*, 8 N. H. 31; *Augusta Bank v. Hamlin*, 14 Mass., 178.)

The court erred in excusing a juror for cause on its own motion. (*Barton v. Erickson*, 14 Neb., 164.)

The court gave an erroneous instruction defining the term "reasonable doubt." (*Olive v. State*, 11 Neb., 4; *Mutual Hail Ins. Co. v. Wilde*, 8 Neb., 427; *Clark v. State*, 32 Neb., 246.)

*George H. Hastings, Attorney General*, and *H. E. Cochran*, for the state.

Post, J.

This was a prosecution in the police court of the city of Omaha, where the accused, plaintiff in error, was convicted of the violation of an ordinance of said city which pro-

hibits the keeping open of saloons between the hours of 12 o'clock at night and 4 o'clock in the morning.   An appeal was taken to the district court for Douglas county, where a trial was had, resulting in a verdict of guilty, upon which judgment was entered and which it is sought to reverse by this proceeding.   The first proposition argued in the brief of counsel for the accused is that the information is insufficient, for the reason that the ordinance above referred to was not therein set out.   It is proper to state in this connection that the trial in the district court was upon the information filed before the police judge, and which, after an allegation of the acts relied on by the prosecutor, concludes as follows: " Contrary to the ordinances of said city and the statutes of the state in that behalf made and provided, and against the peace and dignity of the state."

Courts will not, as a rule, take notice of municipal ordinances, unless required to do so by special charter or general law; but to that rule there are recognized exceptions, among which is that courts of a municipal corporation will take notice, without allegations or proof, of its own ordinances.   The ground of the exception noted is that such courts stand in the same relation toward the municipal laws of the city, or other corporation, as do courts of general jurisdiction toward the public laws of the state; and on appeal from a judgment of conviction before a police magistrate of a city for the violation of an ordinance thereof the court will, upon a trial *de novo*, take notice of such ordinance.   In short, the district court, or court of like general jurisdiction, will, on appeal from a municipal court, take notice of whatever facts the latter could have noticed judicially before the removal of the cause therefrom.   The court exercising appellate jurisdiction in such cases is, as remarked by Horton, C. J., in *Smith v. City of Emporia*, 27 Kan., 578, for the time being regarded as a substitute for the police magistrate. (See, also, *West v. City of Columbus*, 20 Kan., 633; *City of Solomon v. Hughes*, 24 Kan., 211;

*Downing v. City of Miltonvale*, 36 Kan., 740; *Town of Moundsville v. Velton*, 35 W. Va., 217; *State v. Leiber*, 11 Ia., 407.) Cases are not wanting which sustain a different rule and holding in effect that in every prosecution under a city ordinance it is essential to set out, or in unmistakable terms refer to, the section or provision thereof relied upon for a conviction. In fact, the weight of authority, judged by the number of cases, may be said to sustain that view; but the question being an open one in this state, notwithstanding the dictum in *Perry v. State*, 37 Neb., 625, we feel at liberty to adopt the rule most in harmony with the spirit of our liberal practice, and most promotive of a prompt and efficient enforcement of municipal laws. The reason for the strict rule of the common law which required every by-law, ordinance, or private statute to be specially pleaded cannot be said to exist under our system. At common law, prosecutions under statutes imposing a penalty against the offender, as distinguished from the body of the criminal law, were upon information and generally by a common informer, who claimed a part of the fine or penalty. (Short, Informations, 1.) Such prosecutions were by leave of court and differed from indictments in one respect only, viz., that whereas the latter were upon the oath of twelve men, the former was upon the oath of the prosecutor alone. In such cases the same certainty was required as in prosecutions by indictment. (2 Hawkins, Pleas of the Crown, 260, 261.) It seems neither necessary nor advisable to require in complaints for the violation of mere municipal regulations the same strictness as in prosecutions under the provisions of the Criminal Code. According to the better doctrine such offenses, although frequently prosecuted in the name of the state, are criminal in form merely, while in substance and effect they are civil proceedings, and, therefore, not within the provision of the constitution which declares that the right of trial by jury shall remain inviolate. (1 Bishop, Criminal Law, 32; 1

Bishop, Criminal Procedure, 892; *Liberman v. State*, 26 Neb., 464.) It follows that the district court did not err in overruling the objection to the information.

, 2. The second assignment relates to the ruling of the court in excusing a juror for cause on its own motion. There is nothing in the record to suggest that the jury as selected was not altogether impartial and entirely satisfactory to the accused. It does not appear that he availed himself of the peremptory challenges to which he was entitled, or has been in any way prejudiced by the ruling complained of. Some discretion must be allowed the trial court in selecting jurors, and its action in that regard presents no ground for reversal in the absence of a clear abuse of discretion. (*Omaha Southern R. Co. v. Beeson*, 36 Neb., 361.)

3. Finally, it is urged that the court erred in its definition of the term "reasonable doubt." The charge, which we deem unnecessary to set out in this connection, was approved in *Polin v. State*, 14 Neb., 540, and was properly given. There is no error in the record and the judgment is

AFFIRMED.