STATE, EX REL. CITY OF FRIEND, APPELLEE, v. FRIEND RECREATION CLUB, APPELLANT.

FILED AUGUST 11, 1932. No. 28425.

*Robert R. Hastings,* for appellant.

*F. L. Bollen, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY and PAINE, JJ., and BEGLEY and BLACKLEDGE, District Judges.

BLACKLEDGE, District Judge.

The city of Friend is a city of the second class, and under the provisions of section 17-122, Comp. St. 1929, is authorized to enact ordinances to license, regulate or prohibit billiard halls, pool halls and bowling alleys. The city duly adopted and, at the time of the transactions here under consideration, had in force an ordinance known as ordinance No. 71 of that city, which provided it should be unlawful for any person to operate a bowling alley without first making application and procuring a license therefor, and containing certain provisions for the regulation of places of that kind, in reference to their management, the hours of closing, and other matters.

The case is presented here as a case stated, from which it appears that the defendant, Friend Recreation Club, is duly incorporated and maintains and operates a bowling alley in a place of business in the city of Friend without having obtained any license therefor; and it here contends that, because of its system of organization and operation, it is not subject to license or regulation under

the provisions of the ordinance. The questions here submitted for decision are whether the defendant club is subject to the provisions of the said ordinance requiring a license for its operation and maintenance, and whether the judgment of the district court which assessed a fine for its operation without a license is proper.

It appears from the record that the corporation was organized having both common and preferred stock. The common stock was issued to the defendants Hungerford and Armogast in the amount of 100 shares of $10 each, and the common stockholders have the exclusive rights of voting and management of the affairs of the corporation. The preferred stock is issued to those who desire to become patrons of the club and is in the form of a membership card which states that the recipient is the holder of one share of preferred stock of the value of 50 cents and upon which he is guaranteed a dividend of 4 per cent. per annum. The qualifications for membership are that the applicant be of lawful age and possess the 50 cents, which may be paid in cash or property at a fair cash value. The institution is operated as an ordinary place of that kind in a room on the ground floor of a business building, the front part of which is used as a cigar and confectionery store and is said to be the exclusive property of the manager of the club, which manager has been selected from the common stockholders and receives a salary of $25 a week. Up to the time of trial the income from the club's activities had not been sufficient to meet the overhead expenses and the manager's salary, so that no question is presented of the actual disposition of the surplus except it is to be presumed that the dividends on the preferred stock will be paid. The bowling alley part of the institution is to the rear of the confectionery department and is separated therefrom by a partition approximately six feet in height reaching part way to the ceiling, entrance being by a door from the confectionery room, and it is said that none except members are admitted, who are charged a standard fee of 20 cents a game for bowling.

It is contended that the recreation club is therefore a private club exclusively, that the authorities of the city have no right to interfere with it in the matter of license, and that the constitutional rights of the members and patrons holding the preferred stock certificates are being invaded, but we conclude from the statement of the organization and operation of the club as here presented that it is palpably a device to evade or avoid the requirement for a license and the regulatory provisions of the ordinance, and that it is fundamentally to all intents and purposes such a business as is subject to license and regulation, and that the judgment of the district court in assessing a fine for operation without a license was right and proper, and it is therefore

AFFIRMED.