STATE OF NEBRASKA, APPELLEE, v. JOHN LONG, APPELLANT.

293 N. W. 2d 391

Filed June 10, 1980. No. 42900.

Hal W. Anderson of Berry, Anderson & Creager, for appellant.

Norman Langemach, Jr., City Prosecutor, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ., and COLWELL, District Judge.

BOSLAUGH, J.

The defendant was convicted in municipal court on four separate complaints of violating sections of the municipal code of Lincoln, Nebraska, which prohibit the display of a mechanical amusement device for public use without a permit or allowing the use of such a device without the name and address of the owner affixed to the machine. The complaints were consolidated for trial and, upon appeal to the District Court for Lancaster County, Nebraska, the judgment on each complaint was affirmed.

The defendant has appealed to this court and contends that the ordinances in question were invalid;

the evidence was not sufficient to support the judgments; he was denied his statutory right to a speedy trial; he was denied equal protection of the law because of selective prosecution; and the prosecutions were barred because of a finding of not guilty in a prior prosecution involving a similar element of the offenses.

The charges filed against the defendant are a part of the record, but the ordinances involved in the prosecution are not contained in the record. This court will not take judicial notice of a municipal ordinance which does not appear in the record. *State v. Korf,* 201 Neb. 64, 266 N.W.2d 86 (1978). The existence of a valid ordinance creating the offense charged will be presumed where the ordinance is not properly set forth in the record. *State v. Sator,* 194 Neb. 120, 230 N.W.2d 224 (1975). Upon the record before us, there is no basis upon which it could be said the ordinances were unconstitutional, vague, or overbroad.

The evidence shows that the defendant and his wife own 80 percent of the capital stock of Indoor Recreation Enterprises, Inc., a corporation which operates the Golden Cue Recreation Center, Four Star Billiard Supply, and Checkmate Stereo Discount Club, all at 1907 O Street in Lincoln. On October 20 and 21 and November 4, 1976, police officers entered the premises at 1907 O Street and operated pinball machines and other mechanical amusement devices which did not have the owner's name and address or a permit affixed. The officers were admitted to the premises where the machines were located after signing a "membership list." Except for an age requirement excluding persons under 18 years of age, there was no other requirement for admission to the premises.

On November 5, 1976, police officers entered the premises with a search warrant issued in connection with alleged illegal consumption of alcohol on the

premises. At that time the officers seized four mechanical amusement devices which were on the premises.

The defendant argues that the prosecution should have been against the corporation which operated the premises where the machines were located. Although the corporation may have been subject to prosecution, that would not be a defense in this case. Apparently, the ordinances apply to any person who permits the machines to be displayed for public use. The evidence shows the defendant was involved in the active operation of the premises and was subject to prosecution under the ordinances.

With respect to the defendant's claim that he was denied his statutory right to a speedy trial, the record shows no violation of Neb. Rev. Stat. § 29-1207 (Reissue 1975). The time from filing to final disposition of pretrial motions is excluded in computing the time for trial. *State v. Stewart*, 195 Neb. 90, 236 N.W.2d 834 (1975). After excluding the periods of time not chargeable to the State, including time for briefing of pretrial motions filed by the defendant and time during which such motions were under submission to the court, the record shows the defendant was tried within the 6-month period prescribed by the statute.

The defendant's claim of denial of equal protection of the law was raised by a pretrial motion. There is no record of any evidence which may have been offered in support of the motion, but at the trial the defendant made several offers of proof. These offers of proof related to other violators in similar circumstances who were not prosecuted, police awareness of other violators, and enforcement against the defendant on an arbitrary and capricious basis. There was no offer to prove the basis for the alleged discrimination.

To establish arbitrary discrimination inimical to constitutional equality, there must be more than an

intentional and repeated failure to enforce legislation against others as it is sought to be enforced against the person claiming discrimination. *Arrigo v. City of Lincoln,* 154 Neb. 537, 48 N.W.2d 643 (1951). There must be more than a showing that a law or ordinance has not been enforced against others and that it is sought to be enforced against the person claiming discrimination. *City of Omaha v. Lewis & Smith Drug Co., Inc.,* 156 Neb. 650, 57 N.W.2d 269 (1953). A finding of unlawful selective enforcement must be based upon an unjustifiable standard such as race, religion, or other arbitrary classification. *Oyler v. Boles,* 368 U.S. 448 (1962).

To support a defense of selective or discriminatory prosecution, the defendant must show not only that others similarly situated have not been prosecuted, but that the selection of the defendant for prosecution has been invidious or in bad faith, based upon considerations such as race, religion, or the desire to prevent his exercise of his constitutional rights. *United States v. Berrios,* 501 F.2d 1207 (2d. Cir. 1974).

A discriminatory purpose will not be presumed; there must be a showing of clear and intentional discrimination. *Snowden v. Hughes,* 321 U.S. 1 (1944). See, also, *Shock v. Tester,* 405 F.2d 852 (8th Cir. 1969). The motion and the offers of proof made in this case were not sufficient to satisfy these requirements.

The defendant's claim of collateral estoppel is based upon the finding of not guilty in the prosecution of the defendant for allowing consumption of alcohol upon unlicensed premises open to the public on November 5, 1976. The record shows that the November 5, 1976, complaint in this case was based upon facts occurring at the same time as the alleged alcohol violation. The issue in the alcohol case was whether the premises were open to the public. The finding of not guilty in the alcohol case was a find-

ing that, at the time the machines were seized on November 5, 1976, the premises were not open to the public. Where it has been determined in a previous prosecution that an essential element of a crime did not exist, any subsequent prosecution for a different offense involving the same element is barred. *Ashe v. Swenson,* 397 U.S. 436 (1970).

As to the other complaints, the evidence was sufficient to support a finding that the membership requirement was a sham or subterfuge and the machines were available for public use within the meaning of the ordinances on October 20 and 21 and November 4, 1976. See *State, ex rel. City of Friend, v. Friend Recreation Club,* 123 Neb. 740, 243 N.W. 876 (1932).

The judgments on the complaints alleging offenses on October 20 and 21 and November 4, 1976, are affirmed. The judgment on the complaint alleging offenses on November 5, 1976, is reversed and the cause remanded with directions to dismiss the complaint.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS TO DISMISS.