The appellant, Joseph Randolph Peters, was convicted after a jury trial of driving under the influence of alcohol, in violation of a municipal ordinance of the City of Phenix City (hereinafter "the City"). He was sentenced to 60 days in jail and was fined $700.
The appellant raises several issues on appeal; however, we need only address the City's failure to prove and plead the ordinance by which it adopted § 32-5A-191, Code of Alabama 1975, the violation for which the appellant was prosecuted and convicted. At the close of the City's evidence, the prosecutor asked the trial court to take judicial notice of the municipal ordinance that adopted § 32-5A-191, and the trial court did so. A circuit court, in the absence of statutory authorization, however, cannot take judicial notice of a municipal ordinance.See Ex parte Maxwell, 439 So.2d 715 (Ala. 1983); Roberts v. Townof Leighton, 452 So.2d 916 (Ala.Cr.App. 1984); see also C. Gamble, McElroy's Alabama Evidence § 482.01 (4th ed. 1991); cf.
§ 11-45-11, Code of Alabama 1975 ("[a]ll courts of the State of Alabama shall take judicial notice of all municipal ordinances of each Class 1 municipality"). No statute authorizes the action taken by the court in this case. Furthermore, the record does not reflect that the ordinance was otherwise admitted into evidence and was considered by the jury; therefore, the City failed to prove a prima facie case against the appellant. SeeEx parte Woodson, 578 So.2d 1049 (Ala. 1991); Ex parte Maxwell;Prather v. City of Hoover, 585 So.2d 257 (Ala.Cr.App. 1991). *Page 801 
We hold that the trial court improperly took judicial notice of the municipal ordinance, and the City's failure to ensure that the ordinance was admitted into evidence rendered its evidence insufficient to support the appellant's conviction; therefore, this conviction is reversed and a judgment rendered.
REVERSED AND JUDGMENT RENDERED.
All the Judges concur.