STATE OF NEBRASKA, APPELLEE, V. DALE W. BUESCHER,
APPELLANT.
485 N.W.2d 192

Filed June 12, 1992.    No. S-91-285.

Dennis R. Keefe, Lancaster County Public Defender, and Kristi Egger-Brown for appellant.

Norman Langemach, Jr., Lincoln City Prosecutor, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Defendant-appellant, Dale W. Buescher, was charged in the county court with violating various ordinances of the city of Lincoln by operating a motor vehicle while under the influence of alcoholic liquor, by operating a motor vehicle under a suspended license, by driving an improperly registered motor vehicle, and by resisting arrest. Following a bench trial, the trial court dismissed the driving while under the influence and improper registration charges and found Buescher guilty of driving a motor vehicle under a suspended license and of resisting arrest. He was then fined $150 and had his operator's license suspended for a year on the driving conviction, and he was fined $100 and ordered to spend 14 days in jail on the resisting arrest conviction. The district court affirmed,

whereupon the appeal to this court ensued. Buescher asserts that the district court erred in failing to find that the county court erred in (1) denying him a jury trial, (2) finding the evidence sufficient to support the charges, and (3) imposing excessive sentences. We affirm.

No useful purpose would be served by detailing the circumstances leading to Buescher's arrest and convictions, for the ordinances under which he was charged are not in the record. We recently, in *State v. King*, 239 Neb. 853, 479 N.W.2d 125 (1992), reaffirmed that an analysis of assignments of error claiming that the evidence is insufficient to support a conviction under a municipal ordinance and that the sentence is excessive requires an examination of the specific ordinance involved. It is well established that an appellate court will not take judicial notice of an ordinance not in the record but assumes that a valid ordinance creating the offense charged exists, that the evidence sustains the findings of the trial court, and that the sentence is within the limits set by the ordinance. *State v. King, supra.* See, also, *State v. Long*, 206 Neb. 446, 293 N.W.2d 391 (1980); *State v. Korf*, 201 Neb. 64, 266 N.W.2d 86 (1978); *State v. Sator*, 194 Neb. 120, 230 N.W.2d 224 (1975); *Foley v. State*, 42 Neb. 233, 60 N.W. 574 (1894).

Without benefit of the ordinances in question, neither can we determine whether the trial court should have granted a jury trial. As noted in *Hawkins Constr. Co. v. Director, ante* p. 1, 480 N.W.2d 183 (1992), courts are in no better position to declare the rights of the parties under an ordinance not in the record than they would be to declare the rights of parties to a contract not in the record.

What ought to be more than abundantly clear by this time is that a party charged under a municipal ordinance who seriously contemplates an appeal in the event of an adverse result needs to see to it that the trial record properly contains a copy of the ordinance under which the proceedings are conducted. In the absence of such a record, an appeal only wastes time and money—in this instance, as this appeal was taken in forma pauperis, the public's time and money.

AFFIRMED.

CAPORALE, J., dissenting.

I remain of the view expressed in my dissent in *State v. Lewis, ante* p. 642, 483 N.W.2d 742 (1992). Having now twice expressed that view, I shall refrain from future dissent.

BOSLAUGH, J., joins in this dissent.

SHANAHAN, J., dissenting.

Constitutional considerations compel comment on the majority's creation of presumptions to dispose of appeals involving violations of municipal ordinances that are omitted from records presented for appellate review.

As reflected in the majority's opinion, in reviewing convictions for violations of ordinances, this court rejects appellate judicial notice of a subject ordinance which has been omitted from evidence in a trial court, and presumes or "assumes that a valid ordinance creating the offense charged exists [and] that the evidence sustains the findings of the trial court . . . ." Therefore, in a prosecution for violation of an ordinance, this court treats existence of the ordinance as an evidential matter outside judicial notice and requires that a convicted defendant make the subject ordinance part of the record presented for appeal. However, in civil litigation, "a party seeking the benefit of [an ordinance must] plead and prove the existence of the ordinance . . . ." *Nevels v. State*, 205 Neb. 642, 646, 289 N.W.2d 511, 513 (1980). Accord *Zybach v. State*, 226 Neb. 396, 411 N.W.2d 627 (1987). Thus, the evidential rule differs drastically, depending on whether the action is a prosecution for violation of an ordinance or a civil proceeding that implicates an ordinance as a claim or defense.

As an evidential matter in Buescher's case, the State failed to prove existence of the drunk driving ordinance and, consequently, failed to prove Buescher's violation of the ordinance. One does not have to delve into the depths of metaphysics to conclude that a person cannot violate a nonexistent ordinance. Moreover, criminal defendants, even those charged with traffic offenses, are afforded several constitutional and procedural safeguards, including the due process requirement that every factual element of an offense charged must be proved beyond a reasonable doubt. See, *State*

*v. Lomack,* 239 Neb. 368, 476 N.W.2d 237 (1991); *State v. Harney,* 237 Neb. 512, 466 N.W.2d 540 (1991); *State v. Jasper,* 237 Neb. 754, 467 N.W.2d 855 (1991). See, also, *In re Winship,* 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970).

Since the ordinance under which Buescher was convicted is not established in the record, there is a devastating and destructive deficiency, a fundamental failure of proof, in the State's case against Buescher. As a matter of law, that absence of proof in reference to the drunk driving ordinance prevents a conviction of Buescher, since the State has failed to present any evidence concerning existence of the ordinance or its provisions, proof which is required for a prima facie case against Buescher and, moreover, is required as a basis for finding Buescher's guilt beyond a reasonable doubt.

Courts in several jurisdictions have concluded that the State's failure to establish the ordinance on which a prosecution is based requires reversal of the conviction and dismissal of the proceeding; for instance, see, *State v. Berberian,* 112 R.I. 745, 315 A.2d 743 (1974) (conviction for violation of municipal ordinance reversed because ordinance providing for penalty was not in the record presented to appellate court); *State v. Pallet,* 283 N.C. 705, 198 S.E.2d 433 (1973) (State's failure to establish the municipal ordinance on which the prosecution was based required dismissal of the prosecution); *Sisk v. Town of Shenandoah,* 200 Va. 277, 280, 105 S.E.2d 169, 171 (1958) (conviction based on a municipal ordinance prohibiting drunk driving was, in the absence of the municipal ordinance in the record, reversed because "[f]air trial practice required that the defendant be afforded the opportunity to know the provisions of the ordinance she is charged with violating"); *Hishaw v. City of Oklahoma City,* 822 P.2d 1139 (Okla. Crim. App. 1991) (conviction reversed because municipal ordinance was absent from record presented to appellate court); *Peters v. City of Phenix City,* 589 So. 2d 800 (Ala. Crim. App. 1991) (failure to introduce into evidence the ordinance on which the charge was brought rendered the evidence insufficient to sustain a conviction); *Gonon v. State,* 579 N.E.2d 614 (Ind. App. 1991) (ordinance's absence from the record rendered the evidence insufficient to sustain a defendant's conviction); and *Adams v.*

*State*, 153 Ga. App. 41, 264 S.E.2d 532 (1980) (probation revocation for possession of drugs, seized as result of search incident to arrest for violation of municipal ordinance, reversed where ordinance was not part of record on appeal because there was no basis to show that arrest was lawful).

Unfortunately for Buescher, this court, by continued application of a unique rule for addressing deficient records in cases involving alleged violations of ordinances, persists in rescuing the State from its manifest failure of proof necessary to sustain a conviction. More unfortunate for Buescher, however, is the affirmance of his conviction without any showing that he has done anything prohibited by law.

Furthermore, by applying dissimilar rules for appellate review of convictions of ordinance violations and review in a civil case involving an ordinance, this court denies equal protection to Buescher and every other criminal defendant convicted of violating a municipal ordinance which is not pleaded and proved by the State. The U.S. Supreme Court has held that equal protection rights attach in proceedings before appellate courts. In *Griffin v. Illinois*, 351 U.S. 12, 18, 76 S. Ct. 585, 100 L. Ed. 891 (1956), the Court stated that at all stages of appellate review "the Due Process and Equal Protection Clauses protect persons . . . from invidious discriminations." In *Griffin*, the Supreme Court held that state courts could not refuse to provide indigent defendants with free trial transcripts when transcripts were required to exercise the right of appeal. See, also, *Dowd v. Cook*, 340 U.S. 206, 71 S. Ct. 262, 95 L. Ed. 215 (1951) (it was a denial of equal protection to disallow prisoner's appeal when a warden prevented a prisoner from filing an appeal in a timely manner). Additionally, in *Jackson v. Indiana*, 406 U.S. 715, 92 S. Ct. 1845, 32 L. Ed. 2d 435 (1972), the Supreme Court held that a state, by subjecting criminal defendants to standards more lenient for commitment through mental health proceedings and more stringent for release from confinement, when such standards were compared with those generally applicable to persons not charged with criminal offenses, denied the criminal defendants equal protection of the laws required by the 14th Amendment.

Nebraska's disparate treatment of litigants in cases involving

municipal ordinances, depending on whether the litigation involves a civil case or a criminal case, results in a violation of equal protection of the law. For this reason and for the reason that Buescher's due process rights under the 14th Amendment have also been violated, Buescher's conviction should have been reversed.

The presumptions used by this court in reviewing convictions of violations of ordinances rank with Nebraska's other pseudo-presumptions noted in an article by Prof. G. Michael Fenner. See G. Michael Fenner, *Presumptions: 350 Years of Confusion and It Has Come to This*, 25 Creighton L. Rev. 383 (1992). In the meantime, the cardinal rule in this court appears to be: If a decision becomes difficult to explain, create a presumption as rationalization for an expedient result.