STATE OF NEBRASKA, APPELLEE, v. WILLIAM J. HILL, APPELLANT.

577 N.W. 2d 259

Filed April 10, 1998.   No. S-97-619.

Thomas R. Lamb, of Anderson, Creager & Wittstruck, P.C., for appellant.

Don Stenberg, Attorney General; Herbert M. Fitle, Omaha City Attorney; and Martin J. Conboy III, Omaha City Prosecutor, and J. Michael Tesar for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

McCORMACK, J.

This case arises out of a traffic stop in which the appellant, William J. Hill, was pulled over for speeding and willful reckless driving. After having stopped him, the arresting officer discovered a handgun in Hill's lap. Hill was tried in the county court for Douglas County, Nebraska, and found guilty of violating two city of Omaha ordinances (carrying a concealed weapon and unlawful carrying of weapons) and two State of Nebraska statutes (willful reckless driving and expired license plates and registration). Hill appealed to the district court for Douglas County, which affirmed the county court's rulings as to all charges except the unlawful carrying of weapons charge, which was ordered reversed and dismissed. On our own motion, we removed the matter to this court under our authority to regulate the caseloads of the Nebraska Court of Appeals and this court. We affirm in part, and in part reverse.

## FACTUAL BACKGROUND

Hill was working as an armed security officer for the Outback Steakhouse in Omaha, Nebraska, on the evening of August 28, 1996. Hill was required to carry a weapon as part of his employment. Hill provides security while the business is open and stays on the premises after the restaurant closes until all employees and patrons have left. It was uncontested at trial

that Hill had complied with all city of Omaha and State of Nebraska requirements to purchase and possess a handgun. Hill testified that he carried his weapon with him in his car only when traveling to or from work.

On August 29, 1996, Hill left the Outback Steakhouse at approximately 12:45 a.m., going next to the Leavenworth Bar to meet his girl friend. He left the bar between 1:15 and 1:30 a.m. in order to follow his girl friend to her house.

Hill was at approximately 11th and Leavenworth Streets when Officer Irene Cornett of the Omaha Police Division, who was stopped in an alley waiting to come out onto Leavenworth Street, watched him drive past her at a speed she approximated to be around 80 miles per hour. Cornett followed Hill's car, attempting to catch up to it, but did not turn on her cruiser's flashing lights. Cornett watched as Hill's car turned at an intersection controlled by a flashing red light, where he slowed but did not come to a complete stop, and failed to stop at a stop sign at the intersection of 7th and Pierce Streets.

Cornett turned on her cruiser's flashing lights at that time, and Hill immediately pulled over. Hill testified at trial that as Cornett approached his vehicle, he kept his hands on the steering wheel. He testified that when Cornett was approximately 4 feet from the driver's-side door of the car, he stated, "Officer, I have a loaded gun in the car," to which Cornett replied, "I know. I can see it." Hill further testified that the gun was between his right thigh and the padded seat but that the windows were down, as was the car's convertible top.

Cornett testified that she approached the car and was standing next to the car when Hill said he had a loaded weapon. At that point, she looked down and could see the butt and the portion of the gun up to the trigger of the holstered revolver. Cornett further testified that she had asked Hill where he was going in such a hurry and that he responded that he was racing someone home. Hill denied that Cornett posed such a question, and he denied giving such a response.

Hill was charged with the following five violations in Douglas County Court: count I, carrying a concealed weapon, Omaha Mun. Code, ch. 20, § 20-192; count II, willful reckless driving, Neb. Rev. Stat. § 60-6,214 (Reissue 1993); count III,

expired license plates and registration, Neb. Rev. Stat. § 60-302 (Cum. Supp. 1996); count IV, possession and transportation of firearms, Omaha Mun. Code, ch. 20, § 20-195; and count V, unlawful carrying of weapons, Omaha Mun. Code, ch. 20, § 20-206.

After trial, the county court found Hill guilty of counts I, II, III, and V. Count IV was dismissed during trial. Hill appealed to the district court, which affirmed the decision as to counts I, II, and III, but reversed and dismissed as to count V.

## ASSIGNMENTS OF ERROR

Hill alleges that the trial court erred (1) in improperly construing Omaha Mun. Code § 20-192, when the arresting officer was able to see the weapon between Hill's legs from a location outside the driver's-side door of Hill's automobile; and (2) in finding that Hill was operating a motor vehicle in a willful, reckless manner on the morning in question.

## STANDARD OF REVIEW

In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of the witnesses, or reweigh the evidence; such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Becerra*, 253 Neb. 653, 573 N.W.2d 397 (1998); *State v. Howard*, 253 Neb. 523, 571 N.W.2d 308 (1997). Regarding questions of law, an appellate court is obligated to reach a conclusion independent of determinations reached by the trial court. *State v. Marshall*, 253 Neb. 676, 573 N.W.2d 406 (1998); *State v. Howard, supra*; *State v. Williams*, 253 Neb. 111, 568 N.W.2d 246 (1997).

## ANALYSIS

### CARRYING CONCEALED WEAPON

Hill's first assigned error revolves around his conviction of the offense of carrying a concealed weapon in violation of Omaha Mun. Code § 20-192. The elements of such charge were contained in the complaint filed in county court, which stated that

the above named defendant, on or about the 29th day of August, 1996, at or near PARK WILD & PINE ST, within the corporate limits of the City of Omaha, did purposely or knowingly carry a weapon concealed on or about his/her person, contrary to the City Ordinance of the City of Omaha and against the peace and dignity of the State of Nebraska.

The State contends that we should apply the "ordinance rule" to assess the sufficiency of the evidence in the present case. Under this rule, where an appellant assigns as error the insufficiency of the evidence to sustain a conviction under a municipal ordinance, an appellate court will not take judicial notice of a municipal ordinance not in the record, but, instead, assumes that a valid ordinance exists and that the evidence sustains the findings of the trial court. See, *State v. Buescher*, 240 Neb. 908, 485 N.W.2d 192 (1992); *State v. Lewis*, 240 Neb. 642, 483 N.W.2d 742 (1992).

Recently, in *State v. Bush, ante* p. 260, 576 N.W.2d 177 (1998), we addressed the applicability of the "ordinance rule" where a copy of the municipal ordinance under which the appellant was charged appeared in the transcript but not in the bill of exceptions. We held that

when considering an assignment of error claiming that evidence is insufficient to support a criminal conviction for violation of a municipal ordinance, or that the sentence imposed upon such conviction is excessive, an appellate court will take judicial notice of the ordinance creating the offense and specifying the penalties for violation if it is included in the certified transcript prepared by the clerk of the county court.

*Id.* at 266, 576 N.W.2d at 180.

Here, the ordinances used to charge Hill do not appear in either the transcript or the bill of exceptions. However, the transcript certified by the clerk of the county court does contain a copy of the long-form complaint containing the charges against Hill. In the absence of any showing to the contrary, we assume that the material allegations in the complaint reflect the substantive content of the ordinances which Hill was charged with violating, and we therefore review the evidence to determine its

sufficiency to prove the matters alleged beyond a reasonable doubt.

The undisputed evidence is that Cornett, while standing outside of Hill's car, could see the butt and up to the hammer of Hill's holstered pistol that was partially underneath his right thigh. The question for this court is whether Hill did purposely and knowingly carry a weapon concealed on his person.

This court previously defined what it means for a weapon to be concealed in violation of the law in terms of Neb. Rev. Stat. § 28-1001 (R.R.S. 1943), which, prior to its repeal in 1977, was substantially similar in its operative language to Omaha Mun. Code, § 20-192. In *Kennedy v. State*, 171 Neb. 160, 170, 105 N.W.2d 710, 718 (1960), we stated that "absolute invisibility to other persons is not indispensable to concealment of a weapon on or about the person of a defendant, and that a weapon is so concealed when it is hidden from ordinary observation . . . ." What is clear from the evidence in this case is that Cornett could see the weapon while she was standing outside of the vehicle. That Hill pointed out the existence of the weapon is corroborative of his obvious intent *not* to conceal the weapon. Giving every inference to the State, we find as a matter of law that the evidence in this case is insufficient to convict Hill of the charge of carrying a concealed weapon, and, therefore, we reverse the judgment and dismiss the conviction on this charge.

### WILLFUL RECKLESS DRIVING

Hill assigns as error that the trial court found him guilty of willful reckless driving despite the facts that no persons or property were around for him to endanger and that a guilty verdict based upon speed alone cannot stand. Hill is correct that "evidence of speed alone is not sufficient to sustain [a] conviction [for the offense of willful reckless driving]." See *State v. DiLorenzo*, 181 Neb. 59, 63, 146 N.W.2d 791, 794 (1966). However, where evidence of speed is adduced not to establish a driver's rate of travel so as to prove a charge that he exceeded a particular speed limit, but, rather, as one piece of evidence tending to establish that the driver operated a vehicle in such a manner as to indicate an indifferent or wanton disregard for the safety of persons or property, the speed is not "at issue," as con-

templated by Neb. Rev. Stat. § 60-6,192 (Reissue 1993), and therefore need not be corroborated by a microwave, mechanical, or electronic speed measurement device. *State v. Howard*, 253 Neb. 523, 571 N.W.2d 308 (1997). By his own admission, Hill drove at speeds exceeding the posted limit. Furthermore, Cornett testified that Hill was traveling in excess of 80 miles per hour in a residential area. We question whether Cornett's estimate of Hill's speed at 80 miles per hour is accurate due to the fact that Cornett later testified that she caught up with Hill in a 15-block span without going over 50 to 60 miles per hour.

Most important for our discussion here, however, is that Cornett testified the streets were narrow, with cars parked on both sides, such that Hill's speed would put property at risk. Furthermore, Hill's speed was merely one piece of evidence tending to prove his disregard for the safety of other people and property on the night in question. As pointed out in Hill's brief, Hill was not even charged with a speed violation in this case. The fact that he was not, and was instead charged with willful reckless driving, conforms directly with our holding in *State v. Howard, supra*. The fact that Hill drove through both a stop sign and a flashing red light without coming to a complete stop is sufficient evidence of his disregard for other persons and property to sustain a conviction under § 60-6,214. Evidence of his speed while doing so is merely corroborative of Hill's disregard.

Regardless of the sufficiency of the evidence, we are mindful that

> in reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence. Such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support the conviction.

*State v. Howard*, 253 Neb. at 532, 571 N.W.2d at 315. Finding no prejudicial error and viewing the evidence in a light most favorable to the State, we affirm Hill's conviction for willful reckless driving.

The State has raised the issue that the county court's sentence for this violation did not conform to the dictates of the statute;

however, such claim was not assigned as error in the district court and will not be addressed by this court.

## CONCLUSION

We hold that as a matter of law, the trial court clearly erred in finding that Hill knowingly concealed a weapon, and we therefore reverse that portion of the district court's order which affirmed the county court's conviction of Hill under Omaha Mun. Code § 20-192. We affirm the district court's order as it relates to all other charges for which Hill was found guilty in the county court.

AFFIRMED IN PART, AND IN PART REVERSED.