STATE OF NEBRASKA, APPELLEE, V.
LARRY ANDERSON, APPELLANT.
706 N.W.2d 564

Filed November 22, 2005.   No. A-04-1298.

Robert B. Creager, of Anderson, Creager & Wittstruck, P.C., for appellant.

Jon Bruning, Attorney General, and James D. Smith for appellee.

SIEVERS, CARLSON, and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

Larry Anderson appeals from an order of the district court which affirmed his county court conviction on the charge of trespassing in what was formerly his marital home. Regardless of

whether Anderson had an ownership interest in the home, we conclude that the State adduced sufficient evidence to show that Anderson knowingly entered the home without license or privilege. We therefore affirm.

## BACKGROUND

At all times relevant to this proceeding, Carol Anderson and Anderson were in the process of dissolving their marriage. Carol and Anderson separated in 2000, and she has occupied the marital home since that time. After Carol filed for divorce in 2000, Anderson lived with his aunt for a period of time and also lived in a rental house. Carol and Anderson had stipulated that with regard to temporary orders, Carol should be awarded the temporary use and possession of the marital home. A district court order dated January 9, 2001, awarded to Carol the temporary use and possession of the home. Carol testified that she was thus to have possession and use of the house during the pendency of the divorce.

In the decree of dissolution rendered May 21, 2002, the district court awarded to Carol the house and real estate upon which it was situated as her sole and separate property. This court subsequently reversed the order of the district court and remanded the cause for a new trial. See *Anderson v. Anderson,* No. A-02-809, 2003 WL 21398219 (Neb. App. June 17, 2003) (not designated for permanent publication).

Carol testified that she experienced some difficulties with Anderson after he moved out of the home. At some point, Anderson was arrested for a criminal act that allegedly occurred at the home in January 2001, and in the course of the court proceeding in regard to that allegation, a bond prohibited Anderson from being at the home. Carol testified that because of this earlier incident, she would not have given Anderson a license or privilege to enter the home for any reason.

On July 7, 2003, Carol was vacationing in Alaska with two children of the marriage, one of whom was Matt. Carol had arranged for her mother to take care of the house and water plants in Carol's absence. Carol had locked the doors and windows of the house and had given her mother a key. Carol testified that from 2001 up until this vacation, she had changed the locks on

the house two or three times. At the time of this vacation, only Carol and her mother had a key to the house and her mother was the only person who was supposed to be in the house while Carol was away. While on vacation, Carol was informed by her mother about a problem with the house, and Carol called the Antelope County sheriff's office.

Anderson testified that he went to the former marital home on two or three occasions while Carol was gone, and there is no dispute that Anderson was inside the former marital home on July 7, 2003. Anderson testified that he and one of Anderson and Carol's children, Aaron, went to the home on July 7 to pick up Matt. According to Aaron, the home was unlocked, so they decided to wait inside for Matt to return from vacation with Carol.

Aaron did not reside at the home. When asked if he had a key to the home, he answered, "Yeah, we might somewhere I suppose." Aaron did not know whether the key was an old key or a new one. Aaron testified that there was a protection order which prohibited Anderson from entering the house and that Aaron "suppose[d]" that Anderson knew of the protection order. Anderson admitted that Carol did not give him permission to be in the house after protection orders were filed in 2001.

Brad Higgins, a trooper with the Nebraska State Patrol, testified that in the late evening hours of July 7, 2003, he observed Anderson's pickup truck parked at the former marital home and Anderson answered the door when Higgins knocked. Higgins and Anderson discussed who actually lived at the residence, and Anderson handed Higgins a document. The document appeared to be an opinion of a court and stated that Anderson "owned the house because his divorce decree was overturned." Higgins testified that Anderson said he "owned some of the property" but did not have any clothes in the house. Higgins testified that he explained to Anderson that "it was just like a rental property. [Anderson] may own it but he didn't have a right to actually be in there. At that point in time, [Anderson] said — that was way different. And he asked [me] to leave." Higgins left, and after speaking with the county attorney, Higgins returned to the former marital home. At that time, Anderson's pickup was parked inside the garage and the garage door was down. Higgins told

Anderson that Anderson needed to leave or he would be arrested. Anderson left the house at approximately 11:45 p.m.

On October 3, 2003, the State filed a complaint in the county court charging Anderson with first degree trespassing. Following a bench trial, the county court found Anderson guilty of trespassing and imposed a sentence of 18 months' probation, a 90-day suspended jail sentence waivable upon successful completion of probation, and a $1,000 fine. Anderson appealed the conviction and sentence to the district court, and the district court affirmed. Anderson now appeals to this court.

## ASSIGNMENTS OF ERROR

Anderson alleges (1) that the evidence was insufficient to support the conviction and (2) that the county court erred in determining the essential elements of the offense by using a negligence standard.

## STANDARD OF REVIEW

◼ In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeal, and as such, its review is limited to an examination of the county court record for error or abuse of discretion. *State v. Dittoe*, 269 Neb. 317, 693 N.W.2d 261 (2005).

◼ Both a district court and a higher appellate court generally review appeals from a county court for error appearing on the record. *State v. Sparr*, 13 Neb. App. 144, 688 N.W.2d 913 (2004).

◼ When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *State v. Dittoe, supra*.

## ANALYSIS

*Sufficiency of Evidence.*

◼ When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt. *State v. Muro*, 269 Neb. 703, 695 N.W.2d 425 (2005). Neb. Rev. Stat. § 28-520(1) (Reissue 1995) provides that "[a] person commits first degree criminal trespass if, knowing that he is not licensed or privileged to do so, he enters or secretly remains in any building or occupied structure, or any separately secured or occupied portion thereof." Anderson argues that his ownership interest in the property was an affirmative defense to the charge of criminal trespass, even if his interest is disputed, and that "[t]he evidence was insufficient as a matter of law, to establish beyond a reasonable doubt that [Anderson] knew he was not permitted to be in the property." Brief for appellant at 6. Affirmative defenses to prosecution under § 28-520, set forth in Neb. Rev. Stat. § 28-522 (Reissue 1995), are as follows:

(1) A building or occupied structure involved in an offense under section 28-520 was abandoned; or

(2) The premises were at the time open to members of the public and the actor complied with all lawful conditions imposed on access to or remaining in the premises; or

(3) The actor reasonably believed that the owner of the premises or other person empowered to license access thereto would have licensed him to enter or remain; or

(4) The actor was in the process of navigating or attempting to navigate with a nonpowered vessel any stream or river in this state and found it necessary to portage or otherwise transport the vessel around any fence or obstructions in such stream or river.

Notably, an ownership interest is not included as an affirmative defense, and under the facts of this case, subsection (3) is the only affirmative defense that could arguably apply.

Anderson has not resided in the home since 2000. Carol and Anderson stipulated, and the district court ordered, that Carol should be given temporary use and possession of the marital home during the pendency of the divorce proceedings. In dissolving the marriage, the court awarded the home to Carol as her sole and separate property, and this court's mandate reversing and remanding for a new trial was not issued until September 5, 2003—after the date of the incident at issue.

According to the evidence, at one point, a bond prohibited Anderson from being at the former marital home. Carol had the

locks changed several times, and Anderson did not have a key. Carol testified that she would not have given Anderson a license or privilege to enter the home for any reason, and Anderson admitted that Carol had not given him permission to be in the house. Viewing the evidence in the light most favorable to the State, a rational trier of fact could have found beyond a reasonable doubt that Anderson entered the home knowing that he was not licensed or privileged to do so. This assignment of error lacks merit.

*Use of Negligence Standard.*

■ Although the county court's order shows that it found Anderson guilty beyond a reasonable doubt, Anderson argues that the county court erred in using a negligence standard, based upon that court's oral statement, "But I think the bottom line is that on July 7th, 2003 you knew or should have known based on all of the circumstances that you weren't authorized to be in that property." In his untimely filed "Statement of Issues on Appeal" in the district court, Anderson stated that he intended to assign error to "[w]hether the evidence was sufficient to support the conviction" and "[w]hether the sentence imposed was excessive"—and the district court proceeded to consider those two issues. Clearly, the argument that the county court erroneously applied a negligence standard was not assigned to or considered by the district court.

> "Where a cause has been appealed to [a higher appellate court] from a district court exercising appellate jurisdiction, only issues properly presented to and passed upon by the district court may be raised on appeal to [the higher] court. In the absence of plain error, where an issue is raised for the first time in [the higher appellate court], it will be disregarded inasmuch as the district court cannot commit error in resolving an issue never presented and submitted for disposition."

*In re Estate of Trew*, 244 Neb. 490, 498, 507 N.W.2d 478, 483 (1993) (quoting *Haeffner v. State*, 220 Neb. 560, 371 N.W.2d 658 (1985)). We find no plain error in the matter before us and therefore disregard the assignment not presented to or passed upon by the district court.

## CONCLUSION

We find that the evidence is sufficient to support the conviction. We disregard Anderson's second assignment of error—that the county court erroneously applied a negligence standard—because that issue was not presented to or passed upon by the district court. We therefore affirm the order of the district court affirming the judgment of the county court.

AFFIRMED.