16 Neb. App. 99
STATE OF NEBRASKA, APPELLEE,
v.
RODNEY J. PILLARD, APPELLANT.
No. A-07-298.
Court of Appeals of Nebraska.
Filed October 30, 2007.
Dennis R. Keefe, Lancaster County Public Defender, Matthew G. Graff, and Joshua J. Pluta, Senior Certified Law Student, for appellant.
Gary E. Lacey, Lancaster County Attorney, and Daniel Packard for appellee.
INBODY, Chief Judge, and IRWIN and MOORE, Judges.
IRWIN, Judge.

I. INTRODUCTION
Rodney J. Pillard appeals the order of the district court for Lancaster County which affirmed his county court conviction and sentence for assault, in violation of the Lincoln municipal ordinances. He asserts that the evidence adduced at trial was insufficient to sustain a conviction, that the county court erred in admitting hearsay testimony into evidence, and that the county court abused its discretion by imposing a sentence which was excessive and disproportionate to the severity of the offense. We find that the evidence adduced at trial was sufficient to sustain Pillard's conviction for assault; that certain testimony admitted at trial, if it was hearsay, was not shown to have been relied on by the trial judge, who was the trier of fact; and that the county court did not abuse its discretion in sentencing Pillard. In determining that the sentence was not excessive, we hold that the inclusion of Pillard's arraignment proceeding in the record provided us with sufficient language from the relevant ordinance to make review of Pillard's sentence possible. As such, we affirm.

II. BACKGROUND
The State filed a criminal complaint charging Pillard with assault under a Lincoln municipal ordinance. After the conclusion of the trial, the county court found Pillard guilty and sentenced him to 90 days in jail.
Pillard's assault charge stems from an incident which occurred on the afternoon of June 13, 2006, at a home on E Street in Lincoln. Evidence adduced at trial revealed that Pillard and his wife, Donna Pillard, were arguing about their finances when law enforcement received a report from a passerby about a possible domestic disturbance in the area of the Pillards' home.
At trial, the State presented the testimony of four witnesses. Because Pillard argues that the evidence at trial was legally insufficient to support his conviction, we recount the evidence presented by each witness in some detail.
The passer-by was the first witness to testify. His testimony revealed that he was doing volunteer work in the area of the Pillards' home during the afternoon hours of June 13, 2006, when he heard yelling and banging noises coming out of a cream-colored house across the street from where he stood. He said that it sounded "like someone throwing a temper" and that he specifically heard a male voice yelling and a sound which resembled someone's hitting a wall repeatedly. He testified that he called the 911 emergency dispatch service after listening to the noises for 30 seconds and that law enforcement arrived approximately 5 minutes later.
Officer Jennifer Hurley of the Lincoln Police Department then testified that she was dispatched to the Pillards' home on the afternoon of June 13, 2006. Upon arrival, Officer Hurley interviewed Pillard. She testified that Pillard was agitated, was yelling a lot, and was "very vocal, very verbal, very loud." Pillard told Officer Hurley that he and Donna had argued and that Thomas Angell, Donna's 24-year-old son, became involved. He also told Officer Hurley that he and Angell got into a physical fight and that Angell grabbed the glasses off of his face and broke them. Pillard specifically denied pushing Donna.
Officer Hurley testified that after she spoke with Pillard, she interviewed Donna, who was "upset, very emotional[, and appeared to have been crying." Officer Hurley said that she observed some redness on Donna's chest and neck near where she had a visible scar, but that Donna declined medical attention.
Donna then testified that she and Pillard had argued intermittently for 2 days about their finances and that on the afternoon of June 13, 2006, the argument resurfaced. Donna testified that the two of them were in their living room and "[Pillard] was standing in front of the entertainment center and [she] was sitting in [her] reclining chair." Donna also said that Pillard "wasn't screaming or anything," but that he "was just arguing." Donna testified that Angell overheard the argument from upstairs and came down to check on her. She told the court that 8 months prior to this event, she underwent open heart surgery, and that Angell was concerned about her health and about keeping her stress level to a minimum.
Donna testified that when Angell came down the stairs, he stood directly in front of Pillard and the two started to yell at each other. Donna testified that she then stood up and attempted to intervene, but that Pillard prevented her from doing so by putting his arm out in front of her. Donna testified that Pillard's hand made contact with her shoulder, but that she did not feel any pain. Donna said that the argument between Pillard and Angell subsided after about 3 minutes and that Angell then went outside to get in his car to go "cool off." At this time, police stopped him.
Angell testified next. He said that he was taking a nap that afternoon and awoke to raised voices and arguing downstairs. He testified that he went downstairs to see what was going on and observed Pillard and Donna sitting approximately 10 feet apart. Angell said that he attempted to calm things down so that he could go back to sleep, but that he and Pillard began to argue. He testified that the argument was not physical. Angell said he observed Pillard put his arm out in front of Donna when she tried to intervene, but he reported that Pillard's hand remained "a foot or two away" from her body. He testified that Donna was crying during the argument, but that he was never concerned about her safety or health.
At the close of evidence, the court found Pillard guilty of assault under the ordinance and sentenced him to 90 days in jail. Pillard appealed to the district court, which affirmed the conviction and sentence on March 5, 2007. This appeal followed.

III. ASSIGNMENTS OF ERROR
Pillard has assigned three errors on appeal. He asserts that the evidence was insufficient to sustain a conviction, that the county court erred in admitting hearsay testimony into evidence, and that the county court abused its discretion by imposing a sentence which was excessive.

IV. ANALYSIS

1. SUFFICIENCY OF EVIDENCE
Pillard first asserts that the evidence adduced at trial was insufficient to sustain his conviction. The basis for Pillard's argument is that the trial judge misstated some of the relevant facts in his pronouncement of the verdict. We find that there was sufficient evidence adduced at trial to sustain Pillard's conviction, despite the judge's recitation of any inaccurate facts. As such, we affirm.
Regardless of whether the evidence is direct, circumstantial, or a combination thereof, and regardless of whether the issue is labeled as a failure to direct a verdict, insufficiency of the evidence, or failure to prove a prima facie case, the standard is the same: In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the evidence admitted at trial, viewed and construed most favorably to the State, is sufficient to support the conviction. State v. White, 272 Neb. 421, 722 N.W.2d 343 (2006).
Pillard was charged with assault under § 9.12.010 of the Lincoln Municipal Code, and we note that the language of this section is provided to us by the inclusion of the long-form complaint in the transcript. The relevant language of the code makes it unlawful to knowingly or intentionally threaten a person in a menacing manner or to put a person in fear or apprehension of imminent bodily harm. The evidence in this case, although largely circumstantial, was sufficient to support the trial court's finding that Pillard "threatened Donna . . . in a menacing manner and/or put her in fear of what was going to happen to her." Viewed and construed most favorably to the State, the record indicates the following:
On the afternoon of June 13, 2006, Pillard and Donna were having an argument about their finances in the living room of their home. The argument was so loud that a passer-by who was across the street from the house heard yelling and a sound which he described as resembling someone's hitting a wall repeatedly. The passer-by was concerned and quickly called police.
Donna's son, Angell, also heard the argument from his upstairs bedroom and came downstairs to see what was happening. Once downstairs, Angell became very angry with Pillard, and the two began to argue. Their argument then became physical, and Pillard reported to police that Angell pushed him, pulled the glasses off of his face, and broke them.
When law enforcement arrived, Pillard was still very agitated and very angry. Donna was still emotional and upset and appeared to have been crying. Officer Hurley reported that Donna had redness on her neck and chest.
Despite any misstatement of facts by the trial court, the totality of the evidence presented was sufficient to provide a basis for the court to conclude that Pillard and Donna were engaged in an argument and that Pillard threatened Donna in a menacing manner or placed her in fear or apprehension of imminent bodily harm. As a result, we find that there was sufficient evidence to support Pillard's conviction for assault, and we find no merit to this assignment of error.

2. HEARSAY
Pillard next asserts that the trial court erred by admitting hearsay testimony into evidence over his objection. We find that even if the testimony at issue is hearsay, there is no evidence that the court relied on it in finding Pillard guilty of assault. As such, we determine that the admission of the testimony did not constitute reversible error.
In proceedings where the Nebraska Rules of Evidence apply, the admissibility of evidence is controlled by the Nebraska Evidence Rules; judicial discretion is involved only when the rules make discretion a factor in determining admissibility. State v. Kuehn, 273 Neb. 219, 728 N.W.2d 589 (2007).
The specific line of questioning Pillard alleges is inadmissible hearsay is as follows:
[Prosecutor:] You said that [Pillard] denied pushing her. When you said her, are you referring to Donna . . . ?
[Officer Hurley:] Yes, his wife.
[Prosecutor:] An allegation was a push?
[Officer Hurley:] Yes.
[Defense counsel]: Objection, Judge. That calls for hearsay.
THE COURT: Overruled.
Pillard alleges that the affirmative answer to the question, "An allegation was a push?" is "clearly hearsay" because though the identity of the declarant who alleged such a push is unclear, the context of the statement makes it obvious that the statement is not that of the testifying witness. Brief for appellant at 10.
[1,2] Assuming without concluding that this statement did constitute hearsay and should have been ruled inadmissible, we still cannot say that the admission of the statement amounts to reversible error. In a bench trial of a law action, including a criminal case tried without a jury, erroneous admission of evidence is not reversible error if other relevant evidence, admitted without objection or properly admitted over objection, sustains the trial court's factual findings necessary for the judgment or decision reviewed; therefore, an appellant must show that the trial court actually made a factual determination, or otherwise resolved a factual issue or question, through the use of erroneously admitted evidence in a case tried without a jury. State v. Harms, 264 Neb. 654, 650 N.W.2d 481 (2002) (supplemental opinion). The Nebraska Supreme Court has further explained that the burden of showing that the trial court utilized the erroneously admitted evidence rests on the appellant because of the presumption that the trial court, sitting as the fact finder, disregards inadmissible evidence. Id.
Pillard does not specifically allege that the trial court relied on the allegation that he pushed Donna in finding him guilty of assault. Further, we find no evidence of the court's reliance on this statement in the record. In fact, the trial court specifically stated that it "[did not] have to find that there was any physical contact." Instead, the court found Pillard guilty based on the section of the ordinance which makes it unlawful to threaten someone in a menacing manner or to put someone in fear of imminent harm.
We determine that Pillard has failed to establish that the trial court based the conviction on the alleged hearsay evidence. Furthermore, pursuant to our discussion above, we find that there was sufficient evidence to sustain Pillard's conviction without considering the evidence of the allegation that Pillard pushed Donna. For these reasons, we find that if this testimony was erroneously admitted, the admission did not constitute reversible error.

3. EXCESSIVE SENTENCE
In his last assignment of error, Pillard asserts that the trial court abused its discretion by imposing a sentence which was excessive and disproportionate to the severity of the offense. The State argues that Pillard failed to include in the appellate record the municipal ordinance under which he was sentenced and that we are therefore precluded from reviewing the trial court's sentencing determination. Because we find that the inclusion of Pillard's arraignment proceedings in the bill of exceptions provides us with the substantive content of the relevant ordinance, we review Pillard's allegations that his sentence was excessive. In so doing, we conclude that the trial court did not abuse its discretion in imposing the sentence.
Sentences within statutory limits will be disturbed by an appellate court only if the sentences complained of were an abuse of judicial discretion. State v. Walker, 272 Neb. 725, 724 N.W.2d 552 (2006). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. Id. When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. State v. Thurman, 273 Neb. 518, 730 N.W.2d 805 (2007).
The first issue that must be addressed concerning our review of Pillard's conviction is his failure to include in the appellate record the municipal ordinance which provides the possible penalties for the crime of assault. The Nebraska Supreme Court has addressed the absence of such ordinances from the record in a different context. In Steiner v. State, 78 Neb. 147, 150, 110 N.W. 723, 724 (1907), the court originally articulated the "ordinance rule" when it stated:
[An appellate] court cannot undertake to notice the ordinances of all the municipalities within its jurisdiction, nor to search the records for evidence of their passage, amendment or repeal. A party relying upon such matters must make them a part of the bill of exceptions, or in some manner present them as a part of the record.
[3] More recently, the court has clarified the ordinance rule to provide that an appellant's responsibility to include an ordinance in the record can be met with a praecipe requesting that a copy of the ordinance be included in the transcript prepared by the clerk of the county court when a notice of appeal is filed. State v. Bush, 254 Neb. 260, 576 N.W.2d 177 (1998). The court has also held that this responsibility can be satisfied through the inclusion of a long-form criminal complaint in the transcript. State v. Hill, 254 Neb. 460, 577 N.W.2d 259 (1998). In Hill, the court stated: "In the absence of any showing to the contrary, we assume that the material allegations in the complaint reflect the substantive content of the ordinances which [the defendant] was charged with violating . . . ." 254 Neb. at 464-65, 577 N.W.2d at 263.
In this case, Pillard has not provided us with the language of the ordinance under which he was convicted and sentenced. Although the transcript does include a long-form complaint which contains the substantive content of the ordinance which Pillard was charged with violating, there is no mention of the possible penalties for the violation in this complaint.
However, the bill of exceptions does provide a transcription of Pillard's arraignment on this charge where he was advised of the possible penalties for a conviction of assault under the city ordinance. At the arraignment, the prosecutor explained the charges to Pillard and then stated: "The city misdemeanor carries a possible penalty of $200 to $500 fine and up to six months imprisonment." In addition, the trial court advised Pillard as follows: "If you're found guilty of [assault], the penalties include a fine of up to $500, up to six months in jail. There's a minimum fine of $200."
The arraignment language advised Pillard of the possible penalties associated with a conviction for assault. Just as the court in Hill, supra, reasoned, absent any showing to the contrary, that the material allegations in the long-form complaint reflected the substantive content of the relevant charging ordinance, we reason that the court's advisement of the possible penalties for violating the assault ordinance reflects the substantive content of the relevant sentencing ordinance. There is no showing by either party that the court did not correctly advise Pillard of the possible penalties at his arraignment. As a result, we find that the inclusion of Pillard's arraignment proceedings in the record provides us with sufficient language reflecting the penalty under the ordinance to make review of Pillard's sentence possible. We now review the record to determine if the court abused its discretion in sentencing Pillard to 90 days in jail.
The conviction for assault is punishable by 0 to 6 months in jail, a fine of $200 to $500, or both. Pillard's sentence of 90 days in jail is clearly within the statutory limits. Our review of the record indicates that the sentence was not an abuse of discretion.

V. CONCLUSION
We find that the evidence presented at trial was sufficient to support Pillard's conviction and that the admission of the testimony of which Pillard complains, if it was hearsay, did not constitute reversible error. In addition, we find that the inclusion of Pillard's arraignment proceedings in the bill of exceptions provided us with sufficient language from the relevant Lincoln municipal ordinance to make review of his sentence possible. As such, we find that the trial court did not abuse its discretion in sentencing Pillard to 90 days in jail. We therefore affirm the order of the district court which upheld Pillard's conviction and sentence.
AFFIRMED.