IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. JOHNSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DONNIE R. JOHNSON, APPELLANT.

Filed January 26, 2021.    No. A-20-048.

Appeal from the District Court for Douglas County, HORACIO J. WHEELOCK, Judge, on appeal thereto from the County Court for Douglas County, MARCELA A. KEIM, Judge. Judgment of District Court affirmed.

Joshua W. Weir, of Black & Weir Law Offices, L.L.C., for appellant.

Matthew Kuhse, Omaha City Prosecutor, and Kevin J. Slimp for appellee.

RIEDMANN, BISHOP, and WELCH, Judges.

BISHOP, Judge.

## I. INTRODUCTION

Donnie R. Johnson (Johnson) appeals from an order of the Douglas County District Court affirming his conviction and sentence in the county court for Douglas County for tampering with or damaging the property of another, a violation of the Omaha Municipal Code. On appeal to this court, Johnson claims the evidence was insufficient to support his conviction, the sentence imposed was excessive, and he received ineffective assistance from his trial counsel. We affirm.

## II. BACKGROUND

On September 13, 2018, the State filed a complaint charging Johnson with purposely or knowingly tampering with or damaging the property of Stella Rankins in violation of Omaha Municipal Code § 20-158.

The county court held a bench trial on February 6, 2019. The evidence adduced at trial consisted of testimony from two witnesses for the State, and Johnson testified on his own behalf for the defense. No exhibits were offered or received into evidence.

Officer Jacob Bettin from the Omaha Police Department testified that he was on duty on August 19, 2018, and was called to a specific address on North 52d Street regarding "a disturbance with a family member." When Officer Bettin arrived at the location, he observed Johnson "rocking and shaking a mailbox on the right-of-way, . . . back and forth, pulled it up out of the ground and, kind of, overhead, slammed it onto the ground." Johnson was placed in handcuffs. Officer Bettin subsequently looked at the mailbox and saw that "the wood [post] had been damaged towards the bottom of it." Johnson was given a ticket and told to leave. Officer Bettin stated that "the victim" put the mailbox back in the ground; it was "leaning" and "not secured like it originally was."

Lataurus Johnson (Lataurus) testified that his grandmother owned the North 52d Street residence, and that she also owned the mailbox. Lataurus was sleeping in the home at the time of the disturbance. He stated that prior to the disturbance, the mailbox "was mounted, but it wasn't concreted in yet," so there were "bricks around it, to try to hold it up." After the disturbance, the mailbox "was in the middle of the yard" and one of the bricks was by the driveway. When asked if it was fair to say that there was damage done to the mailbox, Lataurus responded, "Yes." On cross-examination, Lataurus confirmed that he did not actually see Johnson do anything to the mailbox.

Against his counsel's advice, Johnson testified on his own behalf. Johnson testified that he was at his "mom's house" to "fix the mailbox." He said he had bricks from another job and he was going to "replace the bricks that was [sic] removed from [his] mom's house." He denied having any intention of damaging the mailbox. On cross-examination, Johnson said he "may" have tossed the mailbox,

> But, at the same time, I was trying to set up a platform. We do the labor first -- get it all ready -- and then put it in. But, when I -- I rung the door bell. My nephew -- he didn't come. I was going to tell him I was going to work on the mailbox.

The county court orally pronounced its finding that Johnson was guilty of tampering with or damaging the property, i.e., the mailbox, of Stella Rankins. The court asked if there was any legal reason not to proceed to sentencing. Johnson's counsel stated that "based on [Johnson's] prior record, it looks like he does have a history of mental illness"; counsel asked the court to impose a minimal fine as opposed to any jail time. Both Johnson's counsel and the State valued the mailbox at $100. The State said it would be seeking restitution. The State also said:

> [T]he family needs help. Obviously, there's been a long -- a bit of mental illness and you can see, from his history, this is very common. There are some -- he's had some violent episodes in his past. It looks like this has occurred again. But the part that's a little bit scary is there's no insight and, when there's no insight, he's probably continuing to not follow doctor's directions and not take proper medications, not seek proper counseling. And that's our concern, as we would rather intervene now as opposed to once -- he got ramped up, it looks like, back in '05, '06, and there were some assaults and some obstructions, and some other things, not with significant jail time. I think they recognized his mental illness back

then, as well, but we're trying to prevent this from getting ramped up again, I think is the main concern here.

The State asked that Johnson obtain a mental health evaluation and that sentencing be continued. Johnson's counsel agreed that it would be appropriate to continue sentencing pending a mental health evaluation. The court continued sentencing so that Johnson could get "either an updated mental health evaluation," or, if he was currently under care, "some sort of progress note." A "Journal Entry and Order" was entered on February 6, 2019, memorializing the court's "Guilty" finding, and the continuance of sentencing to March 21, pending a mental health evaluation or progress report.

At a hearing on March 21, 2019, Johnson's counsel asked for a continuance because Johnson had not yet scheduled a mental health evaluation. The county court granted the continuance, but spoke to Johnson directly, stating, "[Y]ou have to contact them today"; Johnson agreed that he would. The matter was continued to May 30. At a hearing on May 30, Johnson's counsel informed that court that Johnson was scheduled for an evaluation, "but it's not until August 22nd." The court continued sentencing to October 3.

At the sentencing hearing on October 3, 2019, Johnson's counsel informed the county court that Johnson

> was finally approved for VA funding, but his evaluation is now on October 15th. I don't know if the court wants to continue this. I am prepared to proceed to sentencing. I understand this case has been open since September 13th of last year. It is just a mailbox and the mailbox has been fixed. It was his mother's mailbox that he picked up and threw on the ground as he was attempting to fix it, if you recall from the bench trial?

Counsel left it up to the court whether to continue the matter or proceed to sentencing. When asked if it was ready to proceed, the State said it was ready. The court stated to Johnson's counsel, "[W]e can go ahead and proceed to sentencing today, if you'd like"; Counsel responded, "Okay."

Johnson's counsel noted that the case had been open for over a year, the mailbox had been fixed, and Johnson had not been in any further legal trouble. Counsel argued that "based on the circumstances of this case," "probation would possibly be likely setting him up for failure." Counsel requested a small fine and asked that Johnson be allowed to participate in the Omaha Work Offender Program to pay that fine. The State submitted. The county court said it was going to impose a fine of $75 plus court costs. The following colloquy then took place.

[JOHNSON]: Can I get time to pay?

THE COURT: Actually, we're going to do community -- you can do community service, so you don't have to pay it at all. You can just do community service and have it forgiven.

[JOHNSON]: I'd rather pay.

. . . .

THE COURT: Are you sure about that?

[JOHNSON]: Community service -- I'm already with the Homeland Security community service and I'm tied up with them folks.

THE COURT: Okay, fine. We'll give you time to pay. No problem.

A "Journal Entry and Order" was entered on October 3, 2019, ordering Johnson to pay a $75 fine, plus the costs of prosecution. The court found Johnson was able to pay the fine and costs at that time, "or by making payments over a period of time." A time pay agreement was filed that same day, and stated that the total amount due was to be paid by November 20.

On October 10, 2019, trial counsel was granted leave to withdraw. New counsel was subsequently appointed to handle Johnson's appeal to the district court. Johnson's notice of appeal was filed on October 25. In the statement of errors filed with the district court on November 8 by Johnson's new counsel/first appellate counsel, Johnson claimed that there was insufficient evidence for the trial court to have found him guilty of the charge against him, the county court imposed an excessive sentence and sentenced him prior to receiving his mental health evaluation or progress report, and he received ineffective assistance of trial counsel.

The district court held a hearing on Johnson's appeal on December 17, 2019. Johnson "stormed out of the courtroom" after his request for a new attorney was denied. The appeal hearing proceeded without Johnson being present. In an order entered on December 18, the district court affirmed the judgment and sentence of the county court. It found that the evidence was sufficient to support the conviction, that the county court did not abuse its discretion in sentencing Johnson, and that the record was not sufficient to address Johnson's claims of ineffective assistance of trial counsel.

Johnson, with different and now second appellate counsel, appeals the order of the district court.

## III. ASSIGNMENTS OF ERROR

Johnson assigns, restated, that (1) the evidence was insufficient to support his conviction; (2) the county court abused its discretion by imposing an excessive sentence, and the sentence was imposed without receipt of the previously ordered mental health evaluation; and (3) the district court erred in finding that the record on direct appeal was insufficient for a determination that Johnson received ineffective assistance of counsel at the trial before the county court.

## IV. STANDARD OF REVIEW

In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion. *State v. Collins*, 307 Neb. 581, 950 N.W.2d 89 (2020). Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *Id*. When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*. When deciding appeals from criminal convictions in county court, we apply the same standards of review that we apply to decide appeals from criminal convictions in district court. *Id*.

Regardless of whether the evidence is direct, circumstantial, or a combination thereof, and regardless of whether the issue is labeled as a failure to direct a verdict, insufficiency of the evidence, or failure to prove a prima facie case, the standard is the same: In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact, and a conviction will be

affirmed, in the absence of prejudicial error, if the evidence admitted at trial, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Price*, 306 Neb. 38, 944 N.W.2d 279 (2020).

An appellate court reviews criminal sentences for abuse of discretion, which occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Williams*, 306 Neb. 261, 945 N.W.2d 124 (2020).

## V. ANALYSIS

### 1. SUFFICIENCY OF EVIDENCE

Johnson claims the evidence was insufficient to support his conviction. Usually, when a defendant appeals a conviction and sentence under a municipal ordinance, claiming insufficiency of the evidence and excessiveness of the sentence, an appellate court's consideration of the assignments of error requires examination of the specific ordinance involved. *State v. Ruisi*, 9 Neb. App. 435, 616 N.W.2d 19 (2000), *disapproved on other grounds, State v. Decker*, 261 Neb. 382, 622 N.W.2d 903 (2001). See, also, *State v. Buescher*, 240 Neb. 908, 485 N.W.2d 192 (1992) (analysis of assignments of error claiming that evidence is insufficient to support conviction under municipal ordinance and sentence is excessive requires examination of specific ordinance involved). An appellate court will not take judicial notice of a municipal ordinance not in the record, but, instead, assumes that a valid ordinance exists and that the evidence sustains the findings of the trial court. *State v. Hill*, 254 Neb. 460, 577 N.W.2d 259 (1998). However, where the transcript certified by the clerk of the county court contains a copy of the long-form complaint containing the charges against the defendant, an appellate court may assume, in the absence of any showing to the contrary, the material allegations in the complaint reflect the substantive content of the ordinances the defendant was charged with violating. See *id*.

The ordinance used to charge Johnson does not appear in our record. However, the record contains the complaint setting forth the charge against Johnson. No party to this appeal argues or has made a showing that the material allegations in the complaint do not reflect the substantive content of the ordinance that Johnson was charged with violating. Thus, the record sufficiently establishes for our review the basis of Johnson's conviction.

We now proceed to consider Johnson's claim of insufficient evidence, keeping in mind that when reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Ferrin*, 305 Neb. 762, 942 N.W.2d 404 (2020). An appellate court does not resolve conflicts in the evidence, pass on credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. *Id*.

Johnson was charged and convicted of "purposely or knowingly tamper[ing] with or damage[ing] the property" of Stella Rankins, in violation of Omaha Municipal Code § 20-158. Johnson argues that

> [t]he State's own witnesses established that the mailbox was not cemented into the ground
> prior to August 19, 2018, and had only bricks holding it up; that [Johnson] removed the

mailbox from the ground and it was returned to its spot afterwards, albeit leaning to the side, presumably needing "bricks around it, to try to hold it up"; and that the only "damage" was that it had been removed from the ground and was leaning to the side when returned to the ground.

Brief for appellant at 12. He further argues that it is "noteworthy" that the State did not call the victim to testify, as "[i]t appears that she would be the only witness that could provide context to the 'disturbance.'" *Id*. at 12-13. He then queries, "Did [Johnson] have permission to fix the mailbox? There is no evidence that he did not, and it was his mother's home, after all. Was he fixing it or damaging it?" *Id*. at 13. "And why were police called to the residence, and who called them?" *Id*. He contends "[t]here was no evidence whatsoever that the owner of the mailbox had any complaints about [Johnson] and had not given permission to [him] to fix the mailbox"; it was unclear from the evidence "whether a crime was even committed at all." *Id*.

However, the evidence presented at trial was that Officer Bettin observed Johnson pull the mailbox out of the ground and "kind of, overhead, slam[] it onto the ground." Officer Bettin subsequently looked at the mailbox and saw that "the wood [post] had been damaged towards the bottom of it." Lataurus testified that the mailbox belonged to his grandmother. Although he did not observe the incident like Officer Bettin did, Lataurus did see the mailbox after the incident and confirmed it had been damaged. Johnson testified that he was fixing his mother's mailbox, not damaging it.

The county court clearly found the testimony of Officer Bettin and Lataurus more persuasive than Johnson's testimony. It is not the role of an appellate court to reweigh the evidence, resolve conflicts in the evidence, or pass on the credibility of witnesses. See *State v. Ferrin, supra*. The question before this court is whether any rational fact finder could find the essential elements of the crime beyond reasonable doubt. See *id*. We note that the State is not required to disprove every hypothesis of nonguilt that is consistent with the circumstantial evidence. See *State v. Kofoed*, 283 Neb. 767, 817 N.W.2d 225 (2012). Viewing the evidence in the light most favorable to the prosecution, we conclude a rational trier of fact could have found beyond reasonable doubt that Johnson "purposely or knowingly tamper[ed] with or damage[ed] the property" of Stella Rankins. The evidence offered at trial was therefore sufficient to support Johnson's conviction.

## 2. SENTENCE

Johnson claims that his sentence was excessive, and that the court should not have imposed sentence without receiving his mental health evaluation.

It is true that the county court imposed sentence without receiving Johnson's mental health evaluation or progress note as previously requested by the court. However, the court had already continued sentencing twice in order to allow Johnson to obtain the evaluation or progress note, and it was not an abuse of discretion to proceed without granting another continuance. The county court was aware there were mental health concerns at the time it issued its sentence, and took such into consideration. The county court stated, "Well, in light of the fact that [Johnson] has taken some steps to get qualified for VA benefits and has an evaluation scheduled -- which, by the way, Mr. Johnson, you still have to go to that," "for purposes of today, the fine is going to be $75 plus court costs."

Sentences within statutory limits will be disturbed by an appellate court only if the sentences complained of were an abuse of judicial discretion. *State v. Pillard*, 16 Neb. App. 99, 741 N.W.2d 441 (2007). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.* When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *Id*.

As stated previously, the appellate record did not include the ordinance containing the possible penalty to which Johnson may be sentenced. However, the county court at both the arraignment and sentencing hearing stated that the charge of damage to property carried a possible penalty of up to 6 months in jail, a $500 fine, or both the fine and jail time; neither party challenges the accuracy of the possible penalty as recited by the court. See *State v. Pillard, supra* (when ordinance not in record and long-form complaint did not set forth possible penalty for violation, inclusion of arraignment proceedings in record provided sufficient language reflecting penalty under ordinance to make review of sentence possible).

The county court did not specifically state that it considered all of the relevant sentencing factors, but that does not mean the court abused its discretion in imposing sentence. Prior to trial, Johnson declined mental health diversion that, if successful, would have resulted in a dismissal of the charge against him. He was then tried and convicted of purposely or knowingly tampering with or damaging the property of another person, and we have already found the evidence was sufficient to support that conviction. At sentencing, trial counsel argued that under the circumstances of this case, probation would possibly set Johnson up for failure. Trial counsel requested the court impose a small fine and allow Johnson to participate in community service to pay that fine off; that is what the court was going to order. However, Johnson did not want to participate in community service, stating that he would rather pay the fine; the court entered sentence in accordance with Johnson's wishes. The $75 fine issued by the county court was at the low end of the sentencing range, and our review of the record indicates that the sentence was not an abuse of discretion.

### 3. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Johnson generally assigns as error that the district court erred in finding the record on direct appeal was insufficient for a determination that he received ineffective assistance of counsel at the trial before the county court. The counsel handling Johnson's direct appeal to the district court was different than trial counsel.

The Nebraska Supreme Court has established that when counsel handling the appeal from county court to district court is different than trial counsel, then any claim of ineffective assistance of trial counsel must be raised on appeal to the district court. See *State v. Painter*, 224 Neb. 905, 402 N.W.2d 677 (1987) (defendant's appeal from county court to district court by new counsel failed to make any allegations of ineffective assistance of trial counsel; issue raised for first time in Supreme Court will be disregarded inasmuch as district court cannot commit error in resolving issue never presented and submitted for disposition). Once raised, the appellate court will

determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020).

In order to know whether the record is insufficient to address assertions on direct appeal that trial counsel was ineffective, appellate counsel must assign and argue deficiency with enough particularity (1) for an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) for a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court. *Id.* When a claim of ineffective assistance of trial counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id.*

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

We conclude that most of Johnson's ineffective assistance claims related to trial counsel have not been preserved in accordance with *State v. Mrza*, which stated, "We now hold that assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity." *Id.* at 935, 926 N.W.2d at 86. See, also, *State v. Sundquist*, 301 Neb. 1006, 921 N.W.2d 131 (2019) (alleged error must be both specifically assigned and specifically argued in brief of party asserting error to be considered by appellate court). The Nebraska Supreme Court has since declined to consider an assignment of error which only generally claims ineffective assistance of counsel. See, e.g., *State v. Price*, 306 Neb. 38, 944 N.W.2d 279 (2020) (declined to consider assignment of error alleging ineffective assistance of counsel due to failure to comply with specificity required under *Mrza*, which had been released 4 months prior to filing of appellant's brief); *State v. Guzman*, 305 Neb. 376, 940 N.W.2d 552 (2020) (declined to consider ineffective assistance of counsel claim due to failure to comply with *Mrza*, which had been released 3 months prior to filing of appellant's brief).

On direct appeal from the county court to the district court, more than 6 months after the release of *State v. Mrza, supra*, Johnson's first appellate counsel filed a statement of errors on November 8, 2019, which alleged, among other errors, that trial counsel was ineffective. That statement of errors also stated:

Specifically, trial counsel's performance was deficient, as follows:

a. prior to trial, trial counsel failed to adequately meet with defendant to discuss his case, failed to adequately review discovery with defendant, and failed to adequately prepare defendant to testify;

b. trial counsel failed to adequately investigate several aspects of defendant's defense, including engagement in discovery and interviews of potential and actual witnesses;

c. trial counsel arrived late to trial;

d. trial counsel failed to present several aspects of defendant's defense at trial;

e. trial counsel failed to timely and adequately challenge proffered testimony and evidence and performed deficient cross-examination of the State's witnesses at trial;

f. trial counsel's actions to attain the "Mental Health Record or Progress Report" and to seek a continuance of sentencing in order to attain the "Mental Health Record or Progress Report" or other mitigation on behalf of defendant were inadequate;

g. trial counsel failed to adequately offer allocution on behalf of defendant at sentencing addressing mitigation, including explanation for the absence of the "Mental Health Record or Progress Report" and defendant's ability to pay fines and costs.

We address the sufficiency of each claim in turn.

(a) Meet With Client, Review Discovery, Prepare to Testify

Johnson alleged on appeal to the district court that prior to trial, trial counsel failed to adequately meet with defendant to discuss his case, failed to adequately review discovery with defendant, and failed to adequately prepare defendant to testify. We find this claim was sufficiently alleged, but that the record is insufficient to reach this claim on direct appeal; the claim is preserved.

(b) Investigate Defense

Johnson alleged on appeal to the district court that trial counsel failed to adequately investigate several aspects of defendant's defense, including engagement in discovery and interviews of potential and actual witnesses. This allegation does not meet the specificity requirement of *State v. Mrza, supra*, because Johnson did not specifically identify what aspects of his defense trial counsel failed to investigate, and what witnesses were not interviewed. Where a cause has been appealed to a higher appellate court from a district court exercising appellate jurisdiction, only issues properly presented to and passed upon by the district court may be raised on appeal in the absence of plain error. See *State v. Anderson*, 14 Neb. App. 253, 706 N.W.2d 564 (2005). We will not address this assigned error, and this alleged error is not preserved for postconviction review. See *State v. Abdullah*, 289 Neb. 123, 853 N.W.2d 858 (2014) (claim insufficiently stated is no different than claim not stated at all, and insufficiently stated assignment of error and accompanying argument will not prevent procedural bar accompanying failure to raise all known or apparent claims of ineffective assistance of trial counsel).

(c) Late to Trial

Johnson alleged on appeal to the district court that trial counsel was late to trial. There is nothing in the record to suggest that counsel was late to trial, and in any event, Johnson cannot show he was prejudiced. We note that although not alleged in the statement of errors, there is some indication that counsel was late to the sentencing hearing. When Johnson tried to apologize to the

court for his counsel being late, the court said, "Well, thank you, but that's okay." Johnson cannot show any prejudice related to counsel's lateness. This claim of ineffective assistance of trial counsel fails.

### (d) Presentation of Defense

Johnson alleged on appeal to the district court that trial counsel failed to present several aspects of defendant's defense at trial. This allegation does not meet the specificity requirement of *State v. Mrza, supra*, because Johnson did not specifically identify what aspects of his defense trial counsel failed to present. We will not address this assigned error, and this alleged error is not preserved for postconviction review. See *State v. Abdullah, supra*.

### (e) Challenge Testimony

Johnson alleged on appeal to the district court that trial counsel failed to timely and adequately challenge proffered testimony and evidence and performed deficient cross-examination of the State's witnesses at trial. This allegation does not meet the specificity requirement of *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019), because Johnson did not specifically identify what testimony and evidence counsel failed to challenge, nor does he identify how counsel's cross-examination of the State's two witnesses was deficient.

In any event, our review of the record shows that trial counsel made appropriate objections during witness testimony and conducted an appropriate cross-examination of the State's two witnesses. This claim of ineffective assistance trial counsel fails.

### (f) Continuance of Sentencing, Allocution, Ability to Pay

Johnson alleged on appeal to the district court that trial counsel's actions to attain the "Mental Health Record or Progress Report" and to seek a continuance of sentencing in order to attain the "Mental Health Record or Progress Report" or other mitigation on behalf of defendant were inadequate. Johnson also alleged that trial counsel failed to adequately offer allocution on his behalf at sentencing to address mitigation, including providing an explanation for the absence of the "Mental Health Record or Progress Report" and defendant's ability to pay fines and costs.

At the sentencing hearing, Johnson's trial counsel informed the county court that Johnson had finally been approved for VA funding and that his evaluation was scheduled; counsel then left it to the court's discretion on whether to continue or proceed. Johnson cannot show he was prejudiced by trial counsel's failure to more forcefully pursue a third continuance of the sentencing hearing. As noted previously in our excessive sentence discussion, the court was aware that there were concerns about Johnson's mental health. Trial counsel noted that Johnson had not been in any additional trouble while the case was pending, and then counsel requested that the court impose a small fine as well as allow Johnson to do community service to pay the fine off. It was Johnson himself who told the court he would rather pay the fine than do community service.

Our review of the record shows that trial counsel provided an adequate allocution on behalf of Johnson, offered an explanation for the absence of the "Mental Health Record or Progress Report," and addressed Johnson's ability to pay fines and costs. These claims of ineffective assistance of trial counsel fail.

In his brief on appeal to this court, Johnson argues that trial counsel was ineffective when counsel informed the county court, "Judge, for the record, against my advice, [Johnson] will be testifying." Johnson claims trial counsel's statement, "undermined his own client's testimony prior to [Johnson] taking the stand." Brief for appellant at 18. This claim of ineffective assistance of trial counsel was not raised on appeal to the district court, and we therefore conclude that this claim has not been preserved. See *State v. Painter*, 224 Neb. 905, 402 N.W.2d 677 (1987) (defendant's appeal from county court to district court by new counsel failed to make any allegations of ineffective assistance of trial counsel; issue raised for first time in Supreme Court will be disregarded inasmuch as district court cannot commit error in resolving issue never presented and submitted for disposition).

### (h) Trial Counsel's Statements at Withdrawal Hearing

In his brief on appeal to this court, Johnson argues that trial counsel "appears to have admitted to being ineffective on the record." Brief for appellant at 19. He points us to the October 10, 2019, hearing on trial counsel's motion to withdraw. At that hearing, trial counsel asked the county court to allow his office to withdraw due to a conflict of interest. The record from that hearing reflects the following.

> [TRIAL COUNSEL]: This case was closed as of last Thursday, when [the court] sentenced Mr. Johnson to a $75 fine. It is my understanding he wants to file an ineffective assistance claim and so, based off of that, I am asking that we be allowed to withdraw as counsel.
> [THE STATE]: So you don't have to represent yourself against yourself?
> [TRIAL COUNSEL]: Yeah --
> [THE STATE]: That sounds fun, though.
> [TRIAL COUNSEL]: -- because I probably (indiscernible).
> THE COURT: All right. Any objection?
> [THE STATE]: No.
> THE COURT: All right. [Counsel], your request to withdraw will be granted.

Johnson argues, "At best, [trial counsel's] comments were unprofessional in open court against [Johnson]. At worst, the public defender was admitting that he probably was ineffective." Brief for appellant at 19.

This claim of ineffective assistance of trial counsel was not raised on appeal to the district court, and we therefore conclude that it has not been preserved. See *State v. Painter, supra*.

### VI. CONCLUSION

For the reasons stated above, we affirm the district court's order affirming Johnson's convictions and sentences. We further find that the record is insufficient to address Johnson's claims that his trial counsel was ineffective, because prior to trial, counsel failed to adequately meet with him to discuss the case, failed to adequately review discovery with him, and failed to adequately prepare him to testify. All other claims regarding the ineffective assistance of trial

counsel either fail or were not sufficiently raised before the district court and are thus not preserved.

AFFIRMED.